**RODNEY S. DIGGS (State Bar No. 274459)**
rdiggs@imwlaw.com
**YALDA PAYDAR (State Bar No. 326091)**
ypaydar@imwlaw.com
**IVIE, McNEILL & WYATT**
**444 S. Flower Street, Suite 1800**
**Los Angeles, California 90071**
Tel.  (213) 489-0028
Fax  (213) 489-0552

Attorneys for Defendant, Rita Gail Farris-Ellison

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CLARK,<br><br>        Plaintiff,<br><br>vs.<br><br>RITA GAIL FARRIS-ELLISON, an individual; LENDERS ESCROW, INC., a corporation; JUST THAT EZ FINANCIAL, a corporation; DOE FLAGSTAR BANK, a corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.: CV19-08551 DDP (PLAx)<br>*Hon. Dean D. Pregerson – Ctrm. 9C 1st Street;*<br>*Hon. Mag. Paul L. Abrams – Ctrm. 780*<br><br>**DEFENDANT RITA GAIL FARRIS-ELLISON'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, QUASH SERVICE OF PLAINTIFF'S COMPLAINT** |

**TO THE COURT, ALL INTERESTED PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE that on November 25, 2019 at 9:00 a.m.** or as soon thereafter as counsel may be heard, in **Courtroom 9C** of the above-entitled court house, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant RITA GAIL FARRIS-ELLISON ("Defendant" or "RITA GAIL") pursuant to Federal Rules of Civil Procedure 12(b)(5) and F.R.C.P. 4 will and hereby does move to dismiss or, in the alternative, quash service of Plaintiff JAMES CLARK's

("Plaintiff") Complaint ("COMPLAINT") for insufficient and deficient service of process.

Specifically, Plaintiff's SUMMONS IN A CIVIL ACTION ON COMPLAINT; COMPLAINT; NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM ("Plaintiff's pleadings") was improperly served on October 8, 2018 via personal service to Ivie McNeill & Wyatt PLC, (IMW) a law firm, located at 444 S Flower Street, Suite 1800, Los Angeles CA 90017.

However, Ivie McNeill & Wyatt, PLC is not, and never has been, authorized to accept service of Plaintiff's pleadings on behalf of Defendant Rita Gail Farris-Ellison. Secondly, IMW is not a party to the above-captioned action. Additionally, Plaintiff is seeking to pursue a lawsuit that has a final judgment entered into the Superior Court of California, County of Los Angeles on December 30, 2013 (Case No.: TC023636).

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the records on file with this Court, as well as such oral or documentary evidence as may be presented at or before the hearing on this motion.

Dated:  October 28, 2019                **IVIE, McNEILL & WYATT**

                                By:   /S/ Rodney S. Diggs
                                      **RODNEY S. DIGGS**
                                      **YALDA PAYDAR**
                                      **A**ttorneys for Defendant,
                                      RITA GAIL FARRIS-ELLISON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION/PROCEDURAL HISTORY

On October 8, 2019, Plaintiff filed his Complaint ("Complaint"), which is the operative pleading. **Dkt. 1.** Plaintiff has failed to file any "Proof of Service of Summons" regarding Defendant Rita Gail Farris-Ellison.

However, Plaintiff's service of Plaintiff's Complaint regarding Rita Gail is defective and must be dismissed or quashed. Plaintiff has not filed any Proof of Service in addition to not personally serving Defendant.

Plaintiff served the law firm of Ivie McNeill & Wyatt, PLC is not, and never has been, authorized to accept service of Plaintiff's pleadings on behalf of Defendant Rita Gail Farris-Ellison. Secondly, IMW is not a party to the above-captioned action.

Accordingly, Plaintiff's Complaint is not properly served as to Rita Gail, must and is respectfully requested to be dismissed or service deemed quashed.

## II. FACTS

Plaintiff is attempting to serve Defendant Rita Gail Farris-Ellison in State Court and now Federal Court. The facts of the case are the same as the initial case, which commenced in October 22, 2009, and the court issued a final judgment against Defendant on December 30, 2013 for $100,000.00.

## III. APPLICABLE LAW

F.R.C.P. 4(e) "Serving an Individual Within a Judicial District of the United States" states, "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) Doing any of the following:

(A) Delivering a copy of the summons and of the complaint to the individual personally;

(B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

A summons not served in accordance with the constitutional and statutory may be quashed.  Rule 12(b)(5) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (5) insufficient service of process . . . .

In contrast to motions attacking the form of summons, challenges to the manner of service are interpreted strictly: A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Products, Inc. v. Harris* (7th Cir. 1991) 936 F2d 297, 300. When service of process is properly challenged, the party on whose behalf service was made (plaintiff) has the burden to establish its validity *Mann v. Castiel* (DC Cir. 2012) 681 F3d 368, 373.

IV. **THE MANNER OF SERVICE OF PLAINTIFF'S COMPLAINT IS DEFECTIVE AND MUST BE DISMISSED OR QUASHED**

Plaintiff's service of Plaintiff's Complaint regarding Rita Gail is defective and must be dismissed or quashed. In an abundance of caution, Defendant Rita Gail Farris-Ellison is responding to Plaintiff's Complaint.

IMW is not, and never was, authorized to accept service of Plaintiff's pleadings on behalf of Rita Gail. **[Diggs, Decl. ¶ 5]** Defendant Farris-Ellison does not waive her right to proper service under FRCP 4 (e).

Accordingly, Plaintiff's Complaint is not properly served as to Defendant Rita Gail Farris-Ellison. Therefore, Plaintiff's Complaint must and is respectfully requested to be dismissed or service deemed quashed as to Rita Gail Farris-Ellison.

## V. RES JUDICATA AND/OR COLLATERAL ESTOPPEL BARS PLAINTIFF'S COMPLAINT

**1. Res Judicata**

The doctrine of res judicata, or claim preclusion, "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issue as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748-79 (2001), *citing* to Restatement (Second) of Judgments §§ 17, 27, pp. 148, 250 (1980); D. Shapiro, Civil Procedure: Preclusion in Civil Actions 32, 46 (2001).

The purpose of the doctrine is to protect against vexatious litigants, conserve judicial resources and minimize the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

The "doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental justice and substantial justice, 'of public policy and private peace,' which should be cordially regarded and enforced by the courts." *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917). "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Iowa State Traveling Men's Assn.*, 283 U.S. 522, 525 (1931).

The "*res judicata* consequences of a final, unappealed judgment on the merits" are not altered even "by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Department Stores, Inc. v. Moitie, et al.*, 452 U.S. 394, 398 (1981), citing *Angel v. Bullington*, 330 U.S. 183, 187 (1947).

### 2. Collateral Estoppel

The doctrine of collateral estoppel, or issue preclusion, "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire*, 532 U.S. at 748-49. In California, there are five threshold requirements for application of collateral estoppel:

First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, the issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Here, Plaintiff has already obtained a judgment against Defendant for the same claim. The issue sought is identical to that decided in a former proceeding. The issue was actually litigated. On December 30, 2013, Honorable Judge Ross M. Klein entered a judgment in favor of Plaintiff against Defendant Rita Gail Farris-Ellison in the amount of $100,000.00, plus costs. **[Diggs Decl. ¶ 4]** Thus, Plaintiff is barred from bringing the same claim again in federal court.

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
QUASH SERVICE OF PLAINTIFF'S COMPLAINT

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint must, and is respectfully requested to be dismissed or service deemed quashed as to Defendant Rita Gail Farris-Ellison.

Dated: October 28, 2019  **IVIE, McNEILL & WYATT**

By: */s/ Rodney S. Diggs*
**RODNEY S. DIGGS,**
**YALDA PAYDAR**
Attorneys for Defendant,
Rita Gail Farris-Ellison

# DECLARATION OF RODNEY S. DIGGS

I, **RODNEY S. DIGGS,** the undersigned, declare as follows:

1. I am an attorney at law duly licensed and admitted to practice before all courts of the State of California and in the United States District Court for the Central District of California. I am a partner with the law firm of Ivie, McNeill & Wyatt, attorneys of record for Defendants RITA GAIL FARRIS-ELLISON in this case. The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. This declaration is made in support of Defendant Rita Gail Farris-Ellison's motion to dismiss or, in the alternative, quash summons of Plaintiff's Complaint.

3. Plaintiff's Complaint must be dismissed or, in the alternative, service quashed of the summons of Plaintiff's Complaint for the reasons set forth in the moving papers.

4. The Superior Court of California, County of Los Angeles has ordered a judgment against Defendant Rita Gail Farris-Ellison in the amount of $100,000.00 on December 30, 2013. (Case No.: TC023636).

5. Ivie McNeill & Wyatt APLC is a law firm in Los Angeles and is not, and never was, authorized to accept service of Plaintiff's pleadings on behalf of Rita Gail.

///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of October, 2019, at Los Angeles, California.

                    /s/ Rodney S. Diggs
                  Rodney S. Diggs, Declarant

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, QUASH SERVICE OF PLAINTIFF'S COMPLAINT