UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 19-8551-MWF (PLAx)** | Date: **December 17, 2019** |
| Title: James Clark v. Farris Ellison et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff James Clark filed a Complaint in this Court on October 3, 2019, alleging quiet title, wire fraud pursuant to the California Financial Code, breach of fiduciary duty, unfair business practices, wrongful foreclosure, injunction, illegal business practices, declaratory relief, cancellation of written instrument, slander of title, negligence, fraud, "to void or cancel trustees deed upon sale," breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of California Business and Professions Code §§ 17200 et seq. (*See Complaint* generally (Docket No. 1)). Plaintiff does not have any allegations directly pertaining to jurisdiction. (*Id.*).

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal statute had jurisdictional consequences). Having reviewed the Complaint, the Court concludes that the Complaint does not establish jurisdiction.

First, the Court does not appear to have diversity jurisdiction. To allege jurisdiction under 28 U.S.C. § 1332, Plaintiff must plead that the parties meet the complete diversity rule and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Plaintiff is a California citizen and Defendant Rita Gail Farris-Ellison is also a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 19-8551-MWF (PLAx)** | Date: **December 17, 2019** |
| Title: | James Clark v. Farris Ellison et al. | |

California citizen.  (Complaint ¶¶ 1-2).  Accordingly, complete diversity is lacking, and the Court does not have diversity jurisdiction.

Second, the Court does not appear to have federal question jurisdiction under 28 U.S.C. § 1331, which grants district courts jurisdiction "of all civil actions arising under" federal law.  "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law."  *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted).  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

Plaintiff does not cite any federal statutes in the body of his Complaint.  However, he cites to two federal laws in the caption of his Complaint:  28 U.S.C. § 157(a) and 11 U.S.C. § 523(a).  28 U.S.C. § 157(a) states that "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(b) further provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11. . . ."  28 U.S.C. § 157(b)(2) defines "core proceedings," and (b)(2)(J) includes "objections to discharges."  And 11 U.S.C. § 523(a) deals with when an individual debtor can be discharged from a debt, and holds that such a discharge cannot occur "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

Plaintiff does not explain how his claims arise out of either of these statutes.  In fact, Plaintiff only makes one factual allegation that appears to relate to a bankruptcy proceeding.  Specifically, Plaintiff alleges that Defendant Farris-Ellison "petitioned the United States Bankruptcy Court . . . to discharge my $100,000 Judgment that I won in superior court. . . . [Plaintiff] filed [his] adversary proceeding objecting to her discharging my state court judgment. . . . [Defendant] cashed a check without a legal account."  (Complaint ¶ 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 19-8551-MWF (PLAx)**           Date:  **December 17, 2019**
Title:       James Clark v. Farris Ellison et al.

These allegations and citations fall short of establishing that this case arises under federal law.  At bottom, this case appears to be a dispute between Plaintiff and the Defendants over Plaintiff's property, whereby Plaintiff is concerned Defendants are going to foreclose on his property again.  Indeed, the Complaint's prayer for relief focuses solely on Plaintiff's rights with respect to his property, and not any discharge from the Bankruptcy Court.

Accordingly, Plaintiff's brief citation to federal statutes does give the Court federal question jurisdiction to determine Plaintiff's claims, which on their face do not "arise" out of federal law.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing on or before **January 6, 2020**, why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's failure to respond by the above date will result in dismissal of the action without prejudice.

IT IS SO ORDERED.

The Court may not provide advice to any party, including persons who are not represented by a lawyer.  (Such persons are known as "pro se litigants.")  However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court.  Public Counsel's Federal Pro Se Clinic provides free legal assistance to people representing themselves in the United States District Court for the Central District of California.  The Pro Se Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

The Los Angeles Clinic operates by appointment only.  You may schedule an appointment either by calling the Clinic or by using an internet portal.  You can call the clinic at (213) 385-2977, ext. 270, or you can submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.

Clinic staff can respond to many questions with a telephonic appointment or through your email account.  It may be more convenient to email your questions or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  **CV 19-8551-MWF (PLAx)** | Date:  **December 17, 2019** |
| Title:    James Clark v. Farris Ellison et al. | |

schedule a telephonic appointment. Staff can also schedule you for an in-person appointment at their location in the Roybal Federal Building and Courthouse.

In addition, the Court has information of importance to pro se litigants at the "People Without Lawyers" link, http://prose.cacd.uscourts.gov/.

Pro se litigants may also apply to the Court for permission to electronically file. Form CV-005 is available at http://www.cacd.uscourts.gov/court-procedures/forms.

The Court's website home page is http://www.cacd.uscourts.gov.